JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01443-JHN | Date | March 23, 2010 |
|---|---|---|---|
| Title | In re Fones4All Corporation | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER DENYING MOTION FOR LEAVE TO APPEAL (In Chambers)

## I. BACKGROUND

On February 26, 2010, Defendants Ross Buntrock and Sand Lake Ventures LLC (collectively "Defendants") filed a *Motion for Leave to Appeal the Order Denying Motion to Dismiss Under Rule 12(b)(6)* ("Motion") (Docket No. 1). The Bankruptcy Court denied Defendants' Motion to Dismiss, finding in part that the joinder of Defendants in the first amended complaint was not barred by the statute of limitations set forth in Section 735 of the Public Utilities Code. (Mot. 3.) The Bankruptcy Court held that the one-year statute of limitations in Section 735 "related back" to the original complaint filed on July 7, 2008. (*Id.*) Defendants claim this ruling was in error and seek an order dismissing them from the fourth amended complaint. (*Id.*)

## II. LEGAL STANDARD

Subject to some exceptions inapplicable here, district courts have jurisdiction to hear appeals from interlocutory orders of bankruptcy judges. 28 U.S.C. § 158(a)(2). However, while district courts must hear appeals from final decisions, they have discretionary authority to hear interlocutory appeals. *In re City of Desert Hot Springs*, No. 02-55835, 339 F.3d 782, 787 (9th Cir. 2003). Courts generally disfavor interlocutory appeals and only grant leave to appeal where three extraordinary factors are met: "[1] refusal would result in wasted litigation and expense, [2] the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion, and [3] an immediate appeal would materially advance the ultimate termination of the litigation." *In re NSB Film Corp.*, 167 B.R. 176, 180 (9th Cir. 1994); *In re 450 S. Burlington Partners LLC*, No. CV 09-4097 PSG, 2009 WL 2460880, *5 (C.D. Cal. August 5, 2009).

## III. DISCUSSION

Here, Defendants request leave to file an interlocutory appeal. (Mot. 4.) However, they fail to cite any precedent, or even argue, that the appeal would involve a "controlling question of law as to which there is a substantial ground for difference of opinion." *In re NSB Film Corp.*, 167 B.R. at 180. Defendants

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01443-JHN | Date | March 23, 2010 |
|---|---|---|---|
| Title | In re Fones4All Corporation | | |

also do not establish how "an immediate appeal would materially advance the ultimate termination of the litigation," since, for example, this appeal would not prevent the pending action from going to trial against the remaining three defendants. *Id.* For these reasons, the Court declines to exercise its discretionary authority to grant leave to appeal.

## IV. CONCLUSION

Accordingly, the Court DENIES Defendants' Motion.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |